1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9             CENTRAL DISTRICT OF CALIFORNIA
10                   WESTERN DIVISION
11  BILLY JESTER,                    )  Case No. CV 14-08400 (GJS)
                                     )
12                  Plaintiff,       )
                                     )  MEMORANDUM OPINION AND
13        v.                         )  ORDER
                                     )
14  CAROLYN W. COLVIN, Acting        )
    Commissioner of Social Security, )
15                                   )
                                     )
16                  Defendant.       )
                                     )
17  _____ )

18
19                 **I.    PROCEEDINGS**
20        Plaintiff Billy Jester ("Plaintiff") filed a complaint seeking review of the
21  Commissioner's denial of his applications for Disability Insurance Benefits and
22  Supplemental Security Income.  The parties filed consents to proceed before the
23  undersigned United States Magistrate Judge, and a Joint Stipulation addressing
24  disputed issues in the case.  The Court has taken the Joint Stipulation under
25  submission without oral argument.
26  **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**
27                        **DECISION**
28        Plaintiff asserts disability since September 23, 2010, based primarily on

back problems.  (Administrative Record ("AR") 38, 183).

After a hearing, an Administrative Law Judge ("ALJ") applied the five-step sequential evaluation process to find Plaintiff not disabled.  *See* 20 C.F.R. § 404.1520(b)-(g)(1).[1]  The ALJ found that Plaintiff has not engaged in substantial gainful employment since his alleged onset date (step one), and has the severe impairment of degenerative disc disease of the lumbosacral/cervical spine (step two).  (AR 38).  The ALJ found that Plaintiff's impairments, either singly or in combination, do not meet or equal the requirements of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (step three).  (AR 38).  The ALJ assessed Plaintiff with the residual functional capacity for a range of sedentary work.[2]  (AR 40); *see* 20 C.F.R. §§ 404.1567(a), 416.967(a).  The ALJ found that Plaintiff's limitations preclude the performance of Plaintiff's past relevant work (step four), but not the performance of certain other jobs (step five).  (AR 41-42).

The Appeals Council denied Plaintiff's request for review.  (AR 1-7).

/ / /

---

[1] To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry.  20 C.F.R. § 404.1520.  The steps are as follows:  (1) Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two; (2) Is the claimant's impairment severe?  If not, the claimant is found not disabled.  If so, proceed to step three; (3) Does the claimant's impairment meet or equal the requirements of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is found disabled.  If not, proceed to step four; (4) Is the claimant capable of performing her past work?  If so, the claimant is found not disabled.  If not, proceed to step five; (5) Is the claimant able to do any other work?  If not, the claimant is found disabled.  If so, the claimant is found not disabled.  20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

[2] The ALJ found that Plaintiff's ability to perform sedentary work was limited by the following: no kneeling, crouching, or crawling; no more than occasional stooping; and use of a cane for extended walking.  (AR 40).

2

### III.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Administration's decision to determine if:  (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards.  *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971) (citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

### IV.   DISCUSSION

Plaintiff contends that the ALJ erred by failing to articulate legally sufficient reasons for rejecting the opinion of nurse practitioner, Juanita Harper, R.N.P. (Joint Stipulation ("Joint Stip.") at 4-11, 16-17).  For the reasons stated below, the Court reverses the decision of the Commissioner and remands this matter for further proceedings.

Ms. Harper evaluated Plaintiff on several occasions spanning over a year.  (AR 324-25, 334-35, 408-09, 428, 540-41).  On August 11, 2011, Ms. Harper completed a medical source statement and opined that Plaintiff's left hip, pelvis, and back impairments limit his ability to stand, walk, bend, stoop, kneel, reach, handle, finger, lift, push, and pull.  (AR 498-501).  Ms. Harper also opined that Plaintiff needs to use a cane for occasional standing and walking, cannot perform a full-time competitive job that requires activity on a sustained basis, is incapable of handling low stress, and would miss work more than three times a month as a result of his impairments.  (AR 500-01).

Under the Social Security regulations, there are "[a]cceptable medical sources" and "other sources."  20 C.F.R. §§ 404.1513(a), (d), 416.963(a), (d).  The regulations define "acceptable medical sources," as licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified

3

speech pathologists.  20 C.F.R. §§ 404.1513(a), 416.963(a).  "Other sources," include friends and family members, as well as nurse practitioners, therapists and chiropractors.  20 C.F.R. §§ 404.1513(d), 416.913(d); *see also Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1224 (9th Cir. 2010); Social Security Ruling ("SSR") 06-3p.  Evidence from other sources can demonstrate the severity of an individual's impairments and how it affects the individual's ability to function.  *See* 20 C.F.R. §§ 404.1513(d), 416.963(d); SSR 06-3p.  Relevant factors to consider when evaluating the opinion from an other source include:  (1) how long the source has known and how frequently the source has seen the individual; (2) how consistent the opinion is with other evidence; (3) the degree to which the source presents relevant evidence to support an opinion; (4) how well the source explains the opinion; (5) whether the source has a specialty or area of expertise related to the individual's impairment(s); and (6) any other factors that tend to support or refute the opinion.  SSR 06-3p.

To reject lay opinion testimony from other sources, the ALJ must give "'reasons germane to each witness for doing so.'"  *Turner*, 613 F.3d at 1224 (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

Here, after briefly summarizing Ms. Harper's findings, the ALJ summarily rejected her opinion, as follows:  "I give no weight to the overly generous assessment of Juanita Harper (Exhibit 14F), because she is not a medical doctor." (AR 39).  It was improper for the ALJ to discredit Ms. Harper's opinion simply because she is not considered a medical expert or an acceptable medical source.  Other sources, such as nurse practitioners are by definition not "acceptable medical sources."  20 C.F.R. §§ 404.1513(a), (d), 416.963(a), (d).  Thus, the fact that Ms. Harper was a not a medical doctor is not a germane reason to reject her opinion.  *See Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) ("A lay person, [the claimant's] wife, though not a vocational or medical expert, was not disqualified

from rendering an opinion as to how her husband's condition affects his ability to perform basic work activities.").

The Commissioner argues that the ALJ reasonably discounted Ms. Harper's opinion because the record contained little evidence of treatment and the ALJ gave significant weight to the opinions of the state agency medical consultants. (Joint Stip. at 11-16). However, the ALJ did not indicate that he discounted the limitations assessed by Ms. Harper for these reasons. The Court cannot affirm a decision by an ALJ based on a post hoc rationalization of the ALJ's decision. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require [the Court] to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."); *SEC v. Chenery Corp.*, 332 U.S. 194, 196, 67 S. Ct. 1575, 91 L.Ed. 1995 (1947); *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency").

## V.     CONCLUSION AND ORDER

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

The Court finds that remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors. *See*

5

*INS v. Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353, 154 L.Ed.2d 272 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *Treichler v. Commissioner*, 775 F.3d 1090, 1101 (9th Cir. 2014) (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved"); *Harman*, 211 F.3d at 1180-81. As discussed above, other medical source opinions, such as Ms. Harper's opinion in the medical source statement, are relevant in evaluating the severity and functional limitations of a claimant's impairments. *See* 20 C.F.R. §§ 404.1513(d), 416.963(d); SSR 06-3p. Because the ALJ failed to give adequate consideration to Ms. Harper's opinion, there are outstanding issues that must be resolved before a disability determination can be made, and the record as a whole raises "serious doubt" as to whether Plaintiff is disabled. *Garrison v. Colvin*, 759 F.3d 995, 1020-21 (9th Cir. 2014); *see also Treichler*, 775 F.3d at 1101, n. 5 ("[A] court abuses its discretion if it remands for an award of benefits when not all factual issues have been resolved."). Accordingly, this case is remanded for further proceedings.

IT IS THEREFORE ORDERED that Judgment be entered reversing the Commissioner's decision and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion and Order.

DATED: September 11, 2015

_____

GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE